IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   12-cv-01859-WYD-MJW

KLEIN FRANK, P.C.,

    Plaintiff,

v.

MILLER, CURTIS & WEISBROD, L.L.P.; and
MILLER WEISBROD, L.L.P.,

    Defendants.

## ORDER OF REMAND

THIS MATTER is before the Court on the Notice of Removal (ECF No. 1), filed July 18, 2012.  By way of background, this is an action based on "an attorney fee dispute arising out of a personal injury matter in which the Defendants were terminated for cause for failing to perform services and for failure to communicate terms of Court orders and results of such proceedings."  (Compl. ¶ 1).  Plaintiff seeks a declaratory judgment that the Defendants were terminated for cause and not entitled to any fee.  (Compl. ¶ 10).

On July 18, 2012, Defendants filed a Notice of Removal asserting that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1).  Defendants asserted therein that the amount in controversy requirement is satisfied.  Further, Defendants assert that at all relevant times, the Plaintiff is a Colorado corporation while Defendants are Texas limited liability partnerships.

After carefully reviewing the pleadings, I find that this case must be remanded based on the failure of the Defendants to show that the amount in controversy is satisfied. The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873 (quotation omitted). In other words, the amount in controversy must be affirmatively established on the face of either the petition or the notice of removal. *Id.* The removal statute is construed narrowly. *Martin*, 251 F.3d at 1289.

In this case, the allegations of the complaint do not show that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction. 28 U.S.C. § 1332(a)(1). This action, brought in the Boulder County, Colorado District Court, is an action for a declaratory judgment to determine what fee, if any, the Defendants are entitled to based on an underlying personal injury matter filed in Texas. The Tenth Circuit has held that "[i]n cases seeking declaratory and injunctive relief, the amount in controversy is measured by the value of the object of the litigation." *Lovell v. State Farm Mut. Auto Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (internal quotations and citations omitted). In evaluating the amount in controversy jurisdictional requirement, "the Tenth Circuit has followed what has commonly been referred to as the 'either

viewpoint rule' which considers either the value to the plaintiff or the cost to defendant of injunctive and declaratory relief as the measure of the amount in controversy for purposes of meeting the jurisdictional minimum." *Id.*

Here, the complaint alleges that the Defendants, national law firms located in Texas, entered into a fee agreement with Plaintiff to perform legal services in a personal injury case arising out of a burn injury in Iraq. The agreement between the parties was terminated for cause due to the Defendants' alleged failure to abide by the agreement's terms. (Compl. ¶ 7-9). The agreement further states that "[i]n the event that a dispute arises . . . concerning the construction, performance, or breach of this contract, . . . any dispute shall be submitted to binding arbitration pursuant to the Uniform Arbitration Act of 1975 as adopted by Colorado C.R.S. § 13-22-201, *et. seq.*, and as modified by this agreement." (Fee Agreement, Ex. A).

In examining the complaint, it appears that Plaintiff is seeking a declaratory judgment that the Defendants were terminated for cause and not entitled to any fee that resulted from the personal injury action in Texas. After reviewing the allegations of the complaint, I find that the Plaintiff's complaint assigns no monetary value to the action. In fact, in the complaint, Plaintiff neither references a dollar amount nor makes a demand for monetary relief other than fees and costs. The amount of money involved in the Texas action, the status of that case, and any potential contingency fee at issue are unknown. Thus, I turn to the notice of removal. In the notice of removal, the Defendants merely state that the "fees payable to Defendants exceed $75,000.00, excluding interests and costs." (Notice of Removal at 2). I see no connection between

the amount referenced in the notice of removal to the relief sought by Plaintiff in the complaint.

For these reasons, I find that the Defendants have failed to meet their burden of affirmatively establishing that the amount in controversy on the face of either the complaint or the notice of removal satisfies the jurisdictional requirement. The notice of removal's conclusory reference to the object of the litigation—the value of the fees payable to Defendants pursuant to the Texas litigation—is not sufficient to establish that the jurisdictional amount is satisfied. In *Lovell*, the defendant "presented undisputed evidence . . . that its costs of compliance with [plaintiffs'] requested injunctive and equitable relief exceeded $75,000." *Lovell*, 466 F.3d at 897. In contrast, here, Defendants have presented no such evidence that their fees, if any, are valued at more than $75,000. Therefore, I cannot discern the amount in controversy based on the contents of both the complaint and the notice of removal. In other words, the Defendants did not affirmatively establish the amount in controversy in order to satisfy the narrow requirements set forth in the removal statute.

Guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction and the fact that it appears that the Court lacks subject matter jurisdiction over this action, I find that this matter must be remanded to the State Court. *See* 28 U.S.C. § 1447(c). Accordingly, it is

ORDERED that the Clerk of Court is directed to **REMAND** this action to the Boulder County District Court from which the case was removed.

Dated:  August 1, 2012

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge