IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   12-cv-01859-WYD-MJW

KLEIN FRANK, P.C.,

    Plaintiff,

v.

MILLER, CURTIS & WEISBROD, L.L.P.; and
MILLER WEISBROD, L.L.P.,

    Defendants.

**ORDER**

    THIS MATTER is before the Court on the Motion for Reconsideration and Leave to Amend Notice of Removal (ECF No. 15), filed August 15, 2012.  Defendants seek reconsideration of the Order of Remand dated August 1, 2012.  In that order, I found that Defendants had not established subject matter jurisdiction over this case as they did not show that the amount in controversy for diversity jurisdiction exceeded $75,000.

    In their motion for reconsideration, Defendants urge me to reconsider and grant them leave to file an Amended Notice of Removal "to correct the defects in their amount-in-controversy allegations that resulted in remand."  (ECF No. 16 at 3). Defendants attach a proposed Amended Notice of Removal, which includes additional and more specific allegations regarding the amount in controversy.  (ECF No. 15 at 2-3).

    Turning to my analysis, I note that reconsideration is not appropriate in

connection with an Order of Remand. A removing party may cure faulty allegations in a notice of removal by filing an amended notice of removal pursuant to 28 U.S.C. § 1653. Following remand, however, "the district court is wholly deprived of jurisdiction to vacate or correct its remand order. The remand order returns the case to the state court and the federal court has no power to retrieve it." *Seedman v. United States District Court for the Central District of California,* 837 F.2d 413, 414 (9th Cir. 1988). This is true "even if the district court's jurisdictional determination appears erroneous, so long as that determination was made in good faith." *Dalrymple v. Grand River Dam Authority*, 145 F.3d 1180, 1184 (10th Cir. 1998).

Because a remand order deprives the district court of jurisdiction, the district court may not vacate or reconsider its order of remand. *See e.g., Dalrymple,* 145 F.3d at 1184; *Whiddon Farms, Inc. v. Delta and Pine Land Co.,* 103 F. Supp. 2d 1310, 1311 (S.D. Ala. 2000). Similarly, other district courts in this circuit, relying on opinions from the First, Fourth, and Eleventh Circuits, have determined that they do not have jurisdiction to reconsider remand orders. *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschraft*, 67 F. Supp. 2d 1242, 1244-45 (D. Kan. 1999); *Scherer v. Merck & Co.*, No. 05-2019-CM, 2006 WL 2255689 (D. Kan. 2006). As noted by Judge Vratil of the United States District Court for the District of Kansas:

> Removal in diversity cases, to the prejudice of state court jurisdiction, is a privilege to be strictly construed . . . and the state court proceedings are to be interfered with once, at most. This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity. The action must not ricochet back and forth depending upon the most recent determination of a federal court.

*Aetna*, 67 F. Supp. 2d at 1244-45 (citing *In re La Providencia Development Corp.*, 406 F.2d 251, 252-54 (1st. Cir. 1969)).  This conclusion is based upon the plain language of § 1447(d), which states that a district court "order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."  28 U.S.C. § 1447(d); *see also Aetna*, 67 F. Supp. 2d at 1245.

Notwithstanding the above cited authority, I find that Defendants, through their own admission, did not show that the allegations in the Complaint or the original notice of removal establish that the amount in controversy exceeds $75,000 as required by statute.  While the Defendants attach additional documentation to the motion to reconsider and a proposed Amended Notice of Removal, they failed to mention this information in the original notice of removal.  Thus, I still find the original notice to be defective.  Guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction, I find that remand to the state court was appropriate.  Accordingly, it is

ORDERED that the Motion for Reconsideration and Leave to Amend Notice of Removal (ECF No. 15) is **DENIED**.

Dated:  August 20, 2012

                                            BY THE COURT:

                                            s/ Wiley Y. Daniel
                                            Wiley Y. Daniel
                                            Chief United States District Judge